IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
Civil Action No. 3:23-cv-0749

| | |
|---|---|
| DAVID MILLS CLINE, III, | ) |
| Plaintiff, | ) |
| v. | ) **COMPLAINT** |
| | ) **(JURY TRIAL DEMANDED)** |
| CHARLOTTE-MECKLENBURG HOSPITAL | ) |
| AUTHORITY d/b/a ATRIUM HEALTH, INC. | ) |
| And ATRIUM HEALTH CLEVELAND, and | ) |
| KRISTY SKY ARROWOOD, Individually, | ) |
| Defendants. | ) |

The Plaintiff, David Mills Cline, III, being duly sworn, deposes and says the following:

## I.
## NATURE OF ACTION

This civil action arises from violations of the Americans with Disabilities Act, as amended, the Family & Medical Leave Act, as amended, and state law. The Plaintiff, David Mills Cline, III (hereinafter referred to as "Mr. Cline"), alleges that Defendants Atrium Health, Inc. and Atrium Health Cleveland subjected him to disparate treatment and demoted him because of a disability and/or his need to use medical leave in violation of the Americans with Disabilities Act, as amended, 42 U.S.C. §12101, *et seq.* (the "ADA") and the Family & Medical Leave Act, 29 U.S.C. § 2601, *et seq.* (the "FMLA"). In addition, Mr. Cline alleges that the individual Defendant, Kristy Arrowood, invaded his privacy by accessing his confidential healthcare information, as well as his private financial information, and by communicating such information to others. Further, Mr. Cline alleges that Ms. Arrowood tortiously interfered with his contract of employment with Defendants

Atrium Health, Inc. and Atrium Health Cleveland, thereby causing them to demote him from his salaried position as the Director of Cardiac & Pulmonary Rehabilitation and Diabetes and Wellness Centers to an hourly paid position as a Guest Relations Specialist. Mr. Cline, in filing this action, seeks appropriate equitable and monetary relief from the Defendants in the form of past, present, and future lost wages, compensatory damages for emotional distress, liquidated and punitive damages, attorney's fees and costs, and such other relief to which he is entitled as a consequence of the Defendants' discriminatory and tortious acts.

## II.
## JURISDICTIONAL STATEMENT& PARTIES

1. Mr. Cline is an adult male citizen and resident of Cleveland County, North Carolina. At all times relevant to this Complaint, Mr. Cline was and continues to be a qualified individual with multiple disabilities as defined by the ADA. Further, Mr. Cline was and continues to be an eligible employee under the FMLA.

2. Defendant Charlotte-Mecklenburg Hospital Authority, doing business as Atrium Health, Inc. (hereinafter referred to as "Defendant Atrium") is a not-for-profit, self-supporting public entity organized and existing under the N.C. Hospital Authorities Act. It is one of the nation's leading healthcare organizations providing healthcare and wellness programs throughout the Southeastern United States. It operates medical centers, hospitals, and physician practices and employs more than 43,000 full- and part-time employees. At all times relevant herein, Defendant Atrium Health, Inc. maintained and continues to maintain its corporate headquarters in Charlotte, North Carolina.

3. Defendant Atrium Health Cleveland (referred to herein as "Defendant Atrium Cleveland") is a 241-bed hospital and Level III trauma center located in Shelby, North Carolina, operated and owned by Defendant Atrium which provides medical services and healthcare to the greater Cleveland County and surrounding areas of North Carolina.

4.  Defendant Kristy Arrowood is an adult female citizen and resident of Cleveland County, North Carolina.

5.  At all times relevant herein, the Defendants Atrium and Atrium Cleveland are, and continue to be, "employers" under federal and state law in that they are engaged jointly in commerce and/or an activity or industry affecting commerce, and employ fifteen (15) or more employees for each working day during each of twenty (20) or more calendar workweeks in this the current and/or preceding calendar year. Defendants Atrium and Atrium Cleveland are also covered employers as defined by the FMLA. For purposes of the present action, Defendants Atrium and Atrium Cleveland are the employer and/or joint employer of the Plaintiff, Mr. Cline.

6.  At all times relevant herein, Defendants Atrium Health, Inc. and Atrium Cleveland have waived governmental immunity by the purchase of liability insurance coverage and/or through its participation in a governmental risk pool.

7.  This Court has jurisdiction over the parties and the subject matter of this Complaint. Venue in the U.S. District Court for the Western District of North Carolina is proper.

8.  All procedural prerequisites to the institution of this action have been fulfilled.

### III.
### STATEMENT OF FACTS

**A. Mr. Cline's Employment with Defendants Atrium Health and Atrium Health Cleveland.**

8.  Mr. Cline is a 1986 graduate of the University of North Carolina - Charlotte. Following his graduation from college, Defendant Atrium hired Mr. Cline to work as a pharmacy technician in August, 1991. While Mr. Cline held this position, he pursued and eventually, obtained a Master's degree in Public Administration with a concentration in health care. During 1994, Mr. Cline left his employment with Defendant Atrium to pursue other employment. In or about July, 2004, however,

Mr. Cline returned to Defendant Atrium's organization and was hired to work as the Director of Physical Rehabilitation at Defendant Atrium Cleveland.

9. Beginning in January, 2016, Defendants Atrium and Atrium Cleveland promoted Mr. Cline to the position of Director, Cardiac & Pulmonary Rehabilitation, Diabetes & Wellness Centers. In this position, Mr. Cline was responsible for patient experience, quality and teammate engagement within Cardiac Rehabilitation and Diabetes & Wellness. In addition, Mr. Cline was accountable for sustainable department productivity, improving revenues and managing costs in his assigned areas.

10. As the Director, Cardiac & Pulmonary Rehabilitation and Diabetes & Wellness, Mr. Cline reported to Sherri Ellis, his immediate supervisor.

11. During 2018, Mr. Cline was diagnosed with cancer. That disease, and its treatment caused Mr. Cline to experience a cascade of additional physical and mental health problems for which he continues to seek treatment. Nonetheless, Mr. Cline continued his work for Defendants Atrium and Atrium Cleveland earning an "exceeds expectations" job performance rating for 2018, and "meets expectations" ratings during 2019 and 2020.

12. Despite her knowledge that Mr. Cline needed protected medical leave during these years, Ms. Ellis failed to refer Mr. Cline for intermittent leave under the FMLA, and as a consequence, Mr. Cline had to use his unprotected PTO and/or vacation time to seek medical treatment. During 2021, Mr. Cline's physical and mental health conditions persisted. Even though she was aware of Mr. Cline's medical conditions and that they were at times debilitating, at no time did Ms. Ellis suggest that Mr. Cline use his FMLA entitlement or seek reasonable accommodations for them. In fact, Ms. Ellis failed to refer, much less suggest, that Mr. Cline utilize the corporate Defendants' EAP services.

13. On July 6, 2022, Mr. Cline was admitted to Defendant Atrium Cleveland's emergency department for treatment of his on-going medical conditions. Following his treatment within the

emergency department, Mr. Cline was required to undergo a number of surgical procedures requiring his absence from work during the month of July, 2022. Ultimately, Mr. Cline sought and Defendants Atrium and Atrium Cleveland approved FMLA coverage for the period July 5 through July 11, 2022.

B.      **Mr. Cline's Private Healthcare and Financial Information is Breached**.

14.     During his emergency room visit on July 6, 2022, Defendant Arrowood – a therapist in Defendant Atrium Cleveland's Cardiac & Pulmonary Rehabilitation Center - obtained information regarding the reasons for Mr. Cline's admittance for treatment and communicated it to several of Mr. Cline's co-workers. For example, Defendant Arrowood gave a history of Mr. Cline's alleged delinquencies over the years, falsely claimed that he did not work a 40-hour work week, falsely claimed that he never showed up on Mondays, and alleged his admittance to the emergency room "happens every year." At the time of the breach of Mr. Cline's private healthcare information, Defendant Arrowood was Mr. Cline's subordinate.

15.     In addition to invading Mr. Cline's private healthcare information, Defendant Arrowood communicated to others that she was able to access Mr. Cline's credit card information and bragged that if anyone needed anything, they could use Mr. Cline's card.

16.     On July 12, 2022, Mr. Cline notified Defendant Atrium that his private healthcare information had been disclosed. Despite the fact that Defendant Atrium substantiated Mr. Cline's complaint that his private healthcare information had been disclosed, neither Defendants Atrium nor Atrium Cleveland took any meaningful disciplinary action against Defendant Arrowood and Defendant Arrowood remained employed by those Defendants for some period of time.

C. **Mr. Cline is Demoted**.

17. After returning to work following his July 6th emergency room visit, Defendants Atrium and Atrium Cleveland approved Mr. Cline for protected medical leave under the FMLA for the period July 5-July 11, and July 13-July 17, 2022.

18. Upon his return to work, Ms. Ellis informed Mr. Cline that his absences in July were "a bigger deal than she originally thought." Nonetheless, she informed Mr. Cline of a new position in Guest Relations which focused on the Emergency Department at Atrium Cleveland and asked whether he would have an interest in that new role. Ms. Ellis advised Mr. Cline that he would be a "perfect fit" for the role, but that the position might entail a small decrease in his salary. Ms. Ellis further represented to Mr. Cline that she thought he could make up the salary differential with a short period of time, however, and encouraged him to discuss potential salary issues with the VP & Facility Executive at Atrium Cleveland, Veronica Poole-Adams.

19. As Mr. Cline considered the new role and despite the fact that his absences on July 5 through July 11, 2022 were approved for FMLA protection and that he was approved for additional intermittent leave under the FMLA during the remainder of July, Ms. Ellis created a document in Mr. Cline's electronic personnel file entitled "Written Counseling" for unsatisfactory job performance. This document stated that Mr. Cline's "attendance is to improve." Ms. Ellis, however, never issued or presented any "Written Counseling" to Mr. Cline. Mr. Cline was not made aware of the existence of any "Written Counseling" until he filed an administrative charge of discrimination with the U.S. Equal Employment Opportunity Commission.

20. On August 15, 2022, Mr. Cline met with Ms. Poole-Adams to discuss the new position within Guest Services. During this meeting, Mr. Cline presented a spreadsheet to Ms. Poole-Adams regarding his monthly financial needs and told her that he was concerned about meeting his monthly financial obligations if he took the new position. Ms. Poole-Adams responded by stating that she

would get back with him after her vacation. A second meeting with Ms. Poole-Adams never materialized.

21. After his discussion with Ms. Poole-Adams, Ms. Ellis gave Mr. Cline an ultimatum. In this regard, Ms. Ellis advised Mr. Cline that he could not remain employed as the Director of Cardiac and Pulmonary Rehabilitation and Diabetes Wellness. Instead, Ms. Ellis informed Mr. Cline that he could retain his employment with Defendants Atrium and Atrium Cleveland, but only if he accepted the position of Guest Services Specialist, an hourly paid position, not the salaried position they had previously discussed. In sum, Ms. Ellis advised Mr. Cline that he had only two options: take an hourly-paid position or be fired.

22. Faced with the ultimatum of losing his job and his health insurance coverage, Mr. Cline assumed the Guest Services Specialist role working with the Emergency Department at Atrium Cleveland on September 12, 2022. The Guest Services Specialist role is a demotion for Mr. Cline and pays hourly wages at a rate significantly less than his previous salaried role and Director of Cardiac Rehabilitation & Wellness and Diabetes Wellness.

23. The actions of Defendants Atrium and Atrium Cleveland, in demoting Mr. Cline, by and through Sherri Ellis, were motivated in whole or in part because of Mr. Cline's disabilities and/or his need for and utilization of FMLA-protected medical leave.

24. On December 13, 2022, Mr. Cline filed a formal charge of discrimination with the U.S. Equal Employment Opportunity Commission, styled, "*David M. Cline, III v. Atrium Health Cleveland*," EEOC Charge No. 430-2023-00841. In his charge of discrimination, Mr. Cline alleged Defendant Atrium-Cleveland discriminated against him in violation of the Americans with Disabilities Act, as amended. A copy of Mr. Cline's charge of discrimination is attached hereto as "**Exhibit 1**."

25. Defendant Atrium's and Defendant Atrium Cleveland's reasons for their decision to demote Mr. Cline to an hourly paid position are a pretext for purposeful disability discrimination and discrimination and/or retaliation for his need for medical leave under the FMLA.

26. Defendant Arrowood's complaints about Mr. Cline were also motivated by an unlawful discriminatory animus toward him and were made in bad faith.

27. As a result of his demotion, Mr. Cline has suffered and continues to suffer economic, professional and emotional harm in the form of lost wages and benefits, anxiety, depression, humiliation and loss of professional standing.

28. On September 19, 2023, the U.S. Equal Employment Opportunity Commission issued its Notice of Right to Sue to Mr. Cline in the matter of EEOC Charge No. 430-2023-00841. A copy of the Notice of Right to Sue is attached hereto as "**Exhibit 2**."

29. With respect to his ADA claim against Defendants Atrium and Atrium Cleveland, Mr. Cline has exhausted his administrative remedies.

### IV.
### FIRST CLAIM FOR RELIEF AGAINST DEFENDANTS ATRIUM AND ATRIUM CLEVELAND
**(Violation of 42 U.S.C. §12101, *et seq.* – Disability Discrimination)**

30. Mr. Cline realleges and incorporates by reference herein Paragraphs 1 through 29 of this Complaint.

31. The ADA prohibits discrimination based upon an employee's disability. This prohibition includes subjecting an individual to disparate treatment in the terms and conditions of his employment, denying qualified individuals for reasonable workplace accommodations, and demoting an individual with a disability because of the employee's history of a disability, actual disability, and/or a perceived disability.

32. Mr. Cline is a qualified individual with a disability as defined by the ADA and its amendments.

33. Defendants Atrium and Atrium Cleveland subjected Mr. Cline to disparate treatment because of his disabilities by threatening him with termination and then demoting him from his salaried position as a Director to an hourly paid role. As a result of this demotion, Mr. Cline's responsibilities as Director were assumed by a non-disabled, less experienced individual. Further, contrary to its policies, Defendants Atrium and Atrium Cleveland retained Defendant Arrowood and failed to demote Defendant Arrowood or to subject her to any disciplinary action.

34. Mr. Cline's disabilities were a motivating factor, in whole or in part, in Defendants Atrium's and Atrium Cleveland's decision to demote him to the hourly-paid position of Guest Services Specialist.

35. As a direct and proximate result of Defendant Atrium and Atrium Cleveland's acts and omissions, Mr. Cline suffers and continues to suffer present and future pecuniary losses, including, but not limited to loss of wages and other benefits. In addition, Mr. Cline has sustained, as a direct and proximate result of Defendant Atrium's and Atrium Cleveland's actions, damages in the form of emotional distress, including, but not limited to anxiety, depression, humiliation, embarrassment, and loss of professional standing. Accordingly, Mr. Cline is entitled to have and recover of Defendants Atrium and Atrium Cleveland, jointly and/or severally, back pay, front pay, and compensatory damages in amounts to be proved at trial.

## V.
## SECOND CLAIM FOR RELIEF AGAINST DEFENDANTS ATRIUM AND ATRIUM CLEVELAND
(**Violation of 29 U.S.C. §2601,** *et seq.,* **Family & Medical Leave Act**)

36. Mr. Cline realleges and incorporates by reference herein Paragraphs 1 through 35 of this Complaint.

37. The FMLA makes it unlawful for "any employer to interfere with, restrain, or deny the

exercise, or attempted exercise, of any rights under [the Act]". *29 U.S.C. § 2615(a).* Actions that constitute interference include "discouraging an employee from using such leave" and "using the taking of FMLA leave as a negative factor in employment actions, such as hiring, promotions or disciplinary actions." S*ee, 29 C.F.R. § 825.220(a)-(c).*

38. In addition, the FMLA prohibits a covered employer from discriminating against any individual for exercising his rights under the statute, including the request for and the taking of protected leave.

39. In response to Mr. Cline's request for leave under the FMLA, Defendants Atrium and Atrium Cleveland actively interfered with and attempted to discourage his use of medical leave by using the taking of leave as a negative factor in their decisions regarding his continued employment.

40. In addition, Defendants Atrium and Atrium Cleveland discriminated and retaliated against Mr. Cline by changing the terms and conditions of his employment by demoting him from a salaried position to an hourly paid position and by significantly decreasing his annual compensation and other benefits.

41. Mr. Cline's need for medical leave under the FMLA was a motivating factor, in whole or in part, in Defendants Atrium's and Atrium Cleveland's decision to demote him to the hourly-paid position of Guest Services Specialist.

42. As a direct and proximate result of Defendant Atrium and Atrium Cleveland's acts and omissions, Mr. Cline suffers and continues to suffer present and future pecuniary losses, including, but not limited to loss of wages and other benefits. Accordingly, Mr. Cline is entitled to have and recover of Defendants Atrium and Atrium Cleveland, jointly and/or severally, back pay, and front pay, as well as lost benefits in amounts to be proved at trial.

43. The acts of Defendant Atrium and Atrium Cleveland were not taken in good faith. Accordingly, Mr. Cline is entitled to have and recover of Defendants Atrium and Atrium Cleveland, jointly and/or severally, liquidated damages as provided by the FMLA.

## VI.
## THIRD CLAIM FOR RELIEF AGAINST DEFENDANT ARROWOOD
(Invasion of Privacy and Tortious Interference with Contract)

44. Mr. Cline realleges and incorporates by reference herein Paragraphs 1 through 43 of this Complaint.

45. Defendant Arrowood accessed and disseminated Mr. Cline's private healthcare information, as well as his financial information, to his colleagues for the purpose of ridicule and with the intent to harm his professional reputation. Additionally, Defendant Arrowood made spurious accusations regarding Mr. Cline's work performance which she communicated to his superiors with the intent of inducing Defendants Atrium and Atrium Cleveland to damage his professional career and inducing them to significantly alter his employment relationship and/or contract of employment with Defendants Atrium and Atrium Cleveland.

46. Defendant Arrowood's conduct was motivated by a discriminatory animus toward Mr. Cline's disabilities and his need for FMLA protected leave.

47. As a direct and proximate result of Defendant Arrowood's acts and omissions, Mr. Cline suffers and continues to suffer present and future pecuniary losses, including, but not limited to loss of wages and other benefits. In addition, Mr. Cline has sustained, as a direct and proximate result of Defendant Arrowood's actions, damages in the form of emotional distress, including, but not limited to anxiety, depression, humiliation, embarrassment, and loss of professional standing. Accordingly, Mr. Cline is entitled to have and recover of Defendant Arrowood back pay, front pay, and compensatory damages in amounts to be proved at trial.

48.     Defendant Arrowood's acts and omissions were undertaken with malice and/or a reckless indifference to Mr. Cline's state protected rights. Accordingly, Mr. Cline is entitled to have and recover from Defendant Arrowood punitive damages in amounts to be proved at trial.

## VII.
## PRAYER FOR RELIEF

Wherefore, the Plaintiff, David Mills Cline, III, respectfully requests the Court to:

A.      Enter a judgment in his favor and grant a permanent injunction enjoining Defendants from engaging in unlawful employment practices because of a disability or the need to use medical leave entitlement, including those practices which violate the ADA, the FMLA, and state law.

B.      Order the Defendants, jointly and/or severally, to make Mr. Cline whole by providing him with equitable relief and monetary damages in amounts to be proved at trial for present and future lost wages and benefits, as well as for emotional distress, anxiety, and humiliation caused by the acts of the Defendants.

C.      Order the Defendants Atrium and Atrium Cleveland, jointly and/or severally, to pay to Mr. Cline liquidated damages as provided by the FMLA.

D.      Order Defendant Arrowood to pay to Mr. Cline punitive damages in amounts to be proved at trial for her discriminatory misconduct.

D.      Award Mr. Cline his reasonable costs and attorney's fees incurred in this action as provided by federal law.

E.      Grant such further and different relief to Mr. Cline as the Court deems necessary and proper under the circumstances.

# VIII.
# JURY TRIAL DEMANDED

The Plaintiff, David Mills Cline, III demands a jury trial regarding the matters alleged herein.

This the 8th day of November, 2023.

/s/Jenny L. Sharpe
Jenny L. Sharpe
Attorney for Plaintiff
N.C. State Bar No. 13698

**J SHARPE, PLLC**
15720 Brixham Hill Avenue
Suite 300
Charlotte, NC 28277
Telephone: (704) 944-3272
Facsimile: (704) 944-3201
Email: sharpeattorney@gmail.com